IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOEL MANLEY**,

    Plaintiff/Counter-Defendant,

v.

**CLACKAMAS COUNTY SHERIFF'S OFFICE, et al.**,

    Defendants/Counter-Claimants.

Case No. 3:18-cv-02060-MO

OPINION AND ORDER

**MOSMAN, J.**,

This case comes before me on Defendants' Motion for Summary Judgment [ECF 50]. Oral argument was set for January 17, 2020, but was cancelled due to Plaintiff counsel's illness. While oral argument has been rescheduled to January 31, 2020, the following opinion contains my rulings on Defendants' motion. Both parties will have an opportunity at the rescheduled oral argument to persuade me to change these rulings, but the parties should proceed to prepare for trial based on the rulings contained in this opinion. For the reasons stated below, I GRANT in part and DENY in part Defendants' motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party

seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates no issue of material fact exists, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A party cannot defeat a summary judgment motion by relying on the allegations set forth in the complaint, unsupported conjecture, or conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment thus should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

To determine whether summary judgment is proper, the court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1281-82 (9th Cir. 1982).

**DISCUSSION**

In his Complaint [ECF 1], Plaintiff Joel Manley sets forth four claims for relief: (1) Retaliation under Oregon Revised Statute ("ORS") 659A.199 and 659A.203; (2) Deprivation of Constitutional Rights, under 28 U.S.C §§ 1981, 1983 and the Oregon Constitution; (3) Aiding and Abetting Retaliation under ORS 659A.199; and (4) Sexual Discrimination/Harassment under ORS 659A.030. Compl. [1] at 3, 9, 11, 12. In his response to Defendant's motion for summary judgment, Mr. Manley also appears to advance a fifth claim for relief: (5) Disability Discrimination under ORS 659A.112. *See* Pl.'s Resp. [ECF 70] at 11, 16.

As an initial matter, Mr. Manley informs the court in his response that he does not oppose Defendants' motion for summary judgment as it pertains to his constitutional claims (Claim Two) and his claim against Defendant David O'Shaughnessy for aiding and abetting retaliation

(part of Claim Three). Resp. [70] at 18. I therefore GRANT summary judgment as to those claims.

In their motion, Defendants advance a number of arguments for why I should grant summary judgment on Mr. Manley's remaining claims. In their reply brief, Defendants also make several evidentiary objections. Defs.' Reply [ECF 79] at 5-18. I address each argument in turn.

## I. Defendants' Evidentiary Objections

Citing the "sham affidavit rule," Defendants lodge several evidentiary objections in their reply brief against the declaration submitted by Mr. Manley in support of his response brief. Reply [79] at 5 (citing *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009)). In short, Defendants argue that Mr. Manley's declaration contradicts Mr. Manley's deposition testimony and thus the sham affidavit rule prevents reliance on the declaration to create a new dispute of fact at summary judgment. *Id.*

Only Defendants' first three evidentiary objections are pertinent to my resolution of their motion for summary judgment, and I reject all three.

First, Defendants argue that Mr. Manley states for the first time in his declaration that he reported inappropriate treatment of DePaul staff despite having stated in his deposition that he *did not* make such a report. Reply [79] at 6. However, on the very next page of their reply, Defendants quote an excerpt of Manley's deposition where he *does* claim to report such activity. *Id.* at 7. Specifically, he says he talked to Sergeant Smith and Lieutenant McCullough about disparaging comments made by other deputies toward DePaul staff. *Id.*

The same is true of Defendants' second and third objections. In their second objection, Defendants argue that Mr. Manley did not report hearing deputies make derogatory comments

toward women entering the courthouse. *Id.* at 9. But then Defendants cite quotations from Manley's deposition where Mr. Manley describes talking to Sergeant Smith about these derogatory comments. *Id.* at 10. Defendants' third objection is that Mr. Manley did not state in his deposition that he reported the mishandling of drugs by deputies. *Id.* at 11. Yet Defendants describe that "Manley testified in his deposition that he had discussed some instances of evidence handling with Smith . . . ." *Id.*

I therefore DENY all of Defendants' evidentiary objections for purposes of summary judgment.

## II.    The Timeliness of Mr. Manley's Claims

Defendants appear to argue that some of Mr. Manley's state law claims fail or are hindered by the one-year statute of limitations that applies to such claims in Oregon.[1] *See* Mot. Summ. J. [50] at 25-28 (citing ORS 659A.875(1)). Mr. Manley filed this action on November 29, 2018, and thus any claim that accrued prior to November 29, 2017, is time-barred. ORS 659A.875(1). While Defendants correctly identify the limitations period, their motion fails to satisfactorily explain which, if any, of Mr. Manley's claims fail as a result of the limitations period.

## III.   The Retaliation Claim

To establish a prima facie case of retaliation under ORS 659A.199 and 659A.203, "the plaintiff must demonstrate that (1) he was engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and

---

[1]     Defendants also argue that the notice provisions of the Oregon Tort Claims Act ("OTCA") apply to Mr. Manley's claims, but they fail to explain whether or how Mr. Manley has run afoul of these provisions. Mot. Summ. J. [50] at 25.

4 – OPINION AND ORDER

the adverse employment decision." *See Brunozzi v. Cable Commc'n., Inc.*, 851 F.3d 990, 998 (9th Cir. 2017).

The pertinent distinction here between ORS 659A.199 and ORS 659A.203 is that, under ORS 659A.199, an employee need only have a subjective, "good faith" belief that she reported a "violation of a state or federal law, rule or regulation" in order to satisfy the first element of a retaliation claim. *Hall v. State*, 366 P.3d 345, 349-50 (Or. Ct. App. 2015). Under ORS 659A.203, by contrast, the employee must have an objectively reasonable belief that she is reporting a violation. *Id.* at 350.

Defendants argue that ORS 659A.199 does not apply to public employees and thus Mr. Manley must meet the more stringent objective standard of ORS 659A.203. As Defendants acknowledge, however, the Oregon Court of Appeals has recently held that ORS 659A.199 applies to both private and public employees. *Burley v. Clackamas County*, 446 P.3d 564, 568 (Or. Ct. App. July 10, 2019), *rev. denied* 365 Or. 721 (Nov. 14, 2019). I see no reason to depart from that holding and thus find that Mr. Manley may avail himself of both statutes.

Turning to the substance of Mr. Manley's retaliation claim, Mr. Manley advances three theories of liability. Specifically, he alleges that he was retaliated against for engaging in three discrete protected activities: (1) reporting alleged criminal conduct and policy violations (e.g., the failure of deputies to investigate illegal activity of those entering the courthouse, the mishandling of evidence and drugs seized by deputies); (2) reporting sexual harassment and discrimination by CCSO deputies; and (3) reporting disability discrimination by CSSO deputies. Compl [1] at 3, 6, 8.

I hold that there are material disputes of fact that as to whether Mr. Manley can prove the first element of his retaliation claim. For example, there appear to be disputes about whether and

when Mr. Manley reported these alleged activities, and whether Mr. Manley had a good faith, subjective believe that these activities were violations of a law, rule, or policy.

As to the second and third elements of Mr. Manley's retaliation claim, I also find that there are material disputes of fact about whether Mr. Manley suffered adverse employment actions that were causally linked to him engaging in the above-described protected activities. For example, there is a dispute of fact about whether Mr. Manley was subject to an internal investigation as a result of him reporting allegedly inappropriate conduct.

Finally, I note that Defendants argue, in their section attacking the retaliation claim, that Mr. Manley cannot prove that he was constructively discharged. Mot. Summ. J. [50] at 33-34. However, Mr. Manley does not need to prove that he was constructively discharged to advance his retaliation claim nor does he assert that he was constructively discharged as a separate and independent claim for relief.

I therefore DENY Defendants' motion with respect to Mr. Manley's retaliation claim.

IV. **The Aiding and Abetting Claim**

In his complaint, Mr. Manley alleges that Defendants O'Shaughnessy and Smith "encouraged" CCSO employees to retaliate against Mr. Manley for the purported protected activities described above. Compl. [1] ¶ 53. As noted above, Mr. Manley has conceded his aiding and abetting claim against Mr. O'Shaughnessy. Furthermore, I find that Mr. Manley has failed to allege any specific facts that would show that Mr. Smith *encouraged others* to harass or retaliate against Mr. Manley. Regardless of whether Mr. Smith engaged in harassment or retaliation himself, there are no alleged facts that would constitute "aiding and abetting" retaliation or harassment.

I therefore GRANT Defendants' motion for summary judgment as to Mr. Manley's aiding and abetting claims.

V. **The Sexual Harassment/Discrimination Claim**

Mr. Manley alleges that he was subject to unwelcome sexual conduct because he was asked to participate in a topless calendar shoot as a gift for a retiring colleague, apparently as a spoof of such calendars featuring firefighters and the like. Resp. [70] at 15-16. I hold that this claim fails as a matter of law because the alleged conduct is not "sufficiently severe or pervasive," especially when compared to examples of other conduct found insufficiently severe by the Ninth Circuit. *See Westendorf v. West Coast Contractors of Nev., Inc.*, 712 F.3d 417, 419-22 (9th Cir. 2013).

I therefore GRANT Defendants' motion for summary judgment as to Mr. Manley's sexual harassment claim.

VI. **The Disability Discrimination Claim**

In his response to Defendants' motion, Mr. Manley asserts—for the first time—a claim for relief for disability discrimination under ORS 659A.112. Resp. [70] at 16. A response brief to a motion for summary judgment is not the proper place to plead a new claim for relief. In any event, Mr. Manley does not allege facts that would state a cognizable claim for disability discrimination.

I therefore GRANT Defendants' motion for summary judgment as to Mr. Manley's disability discrimination claim.

**CONCLUSION**

For the foregoing reasons, I GRANT in part and DENY in part Defendants' Motion for Summary Judgment [50]. Specifically, I deny Defendants' motion as to Mr. Manley's retaliation

claim and I grant the motion as to the remainder of Mr. Manley's claims; Mr. Manley's constitutional claims, aiding and abetting claim, sexual harassment/discrimination claim, and disability discrimination claim are dismissed with prejudice. Furthermore, both parties are ORDERED to submit proposed jury instructions and verdict forms by January 22, 2020.

IT IS SO ORDERED.

DATED this __21st__ day of January, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge